**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MORIA BERNSTEIN, individually and on**
**behalf of those similarly situated,**

          **Plaintiff,**

    **v.**

**AVVO, INC.,**

          **Defendant.**

**No. _____**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1441, 1446, and 1453, Defendant Avvo, Inc. ("Avvo") removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. Avvo reserves all rights and defenses available to it and, in support of this Notice, states as follows:

## INTRODUCTION

1.    On February 4, 2016, Plaintiff Moria Bernstein filed a Class Action Complaint against Avvo ("Compl.") in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2016 CH 01631, captioned, "*Moria Bernstein, individually and on behalf of those similarly situated, v. Avvo, Inc.*" (the "State Court Lawsuit"). On the same day, Plaintiff filed a Motion for Class Certification in the State Court Lawsuit.

2.    On February 8, 2016, Plaintiff served Avvo with the Summons, Class Action Complaint, and Motion for Class Certification from the State Court Lawsuit. The Certificate of Service attached to the Complaint claims Plaintiff served Avvo with the Motion for Class Certification on February 4, 2016. True and correct copies of the Class Action Complaint,

Motion for Class Certification, and Summons are attached as **Exhibit A**.  A true and correct copy of the Service of Process Transmittal form sent by Avvo's registered agent, which shows service was made February 8, 2016, is attached as **Exhibit B**.

## THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

3.      This action is removable to this Court pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat 4 (2005) ("CAFA"), codified at 28 U.S.C. §§ 1332(d) & 1453.

4.      Congress enacted CAFA to enlarge federal jurisdiction over proposed class actions.  CAFA provides that a party may remove a state court class action against a non-governmental entity to federal court if: (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and § 1453(b).  As shown below, this action satisfies all requirements for removal jurisdiction.

**Plaintiff Proposes a Class of More than 100 Persons**

5.      Plaintiff asserts a cause of action in Count I of the Complaint for violation of the Illinois Right of Publicity Act, 765 ILCA 1075/30(a), and a cause of action in Count II of the Complaint for violation of the common law tort of misappropriation of identity.  Compl. ¶¶ 26-43.  Plaintiff seeks to assert these claims on her behalf individually and on behalf of the following proposed class: "All individuals licensed to practice law in the State of Illinois for whom Avvo, Inc., without consent, created a profile page on its website on which Avvo Inc., without consent, placed advertising material from other attorneys, individuals, or entities."

2

Compl. ¶ 19. The Complaint alleges that "it is likely that the Class comprises thousands of members, if not more." *Id.* ¶ 20. Although Avvo denies consent is required to publish a profile page on its website, business records confirm Plaintiff's allegations place Avvo's conduct at issue with respect to substantially more than 100 people.

6.     Although Avvo will contest the propriety of class certification, for the purposes of removal, Plaintiff seeks to proceed on behalf of a proposed class of more than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Amount in Controversy Exceeds $5 Million**

7.     For purposes of removal under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This Court has jurisdiction over this matter because Plaintiff's allegations show this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(2).

8.     Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011). The burden, therefore, "is a pleading requirement, not a demand for proof." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

9.     Illinois law allows a plaintiff who asserts a violation of the Right of Publicity Act to obtain the greater of: "(1) actual damages, profits derived from the unauthorized use, or both;

or (2) $1,000."  765 ILCS 1075/40(a)(1)-(2).  By alleging each class member is entitled, at a minimum, to $1,000 in statutory damages, Plaintiff has put at issue no less than $1,000 for every member in the class.  Although Avvo denies Plaintiff's allegations of liability, injury, and damages and will oppose certification of the putative class, Avvo's records show at least 60,000 attorneys in Illinois are the subject of profile pages on Avvo.com, and that it has placed advertisements from other attorneys, individuals, or entities on substantially more than 5,000 of those profile pages.  The allegations of the Complaint therefore place more than $5 million in controversy.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (where defendant admitted facts showing a recovery exceeding $5 million was not "legally impossible," removal was necessary); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008) (where plaintiff alleged class was "entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation… defendant need only demonstrate that there are at least 5,001 putative class claims").

10.    In addition, the Complaint requests an award of punitive damages, which also puts in controversy more than $5 million.  Compl., Prayer for Relief ¶ F.  Illinois law permits a court to award punitive damages "against a person found to have willfully violated" the Right of Publicity Act.  765 ILCS 1075/40(b).  Removal is appropriate even where it is "[i]mprobable, perhaps, but not impossible" a punitive damages award could cause the total damages to exceed $5 million.  *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011) (class may possibly recover more than $3 million in punitive damages despite $600,000 in actual damages); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) ($2.1 million punitive damages possible even when not expressly sought by plaintiff in complaint).

11.    "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000… the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Blomberg*, 639 F.3d at 764.  For removal purposes only, Avvo acknowledges the alleged amount in controversy exceeds $5 million.

**Diversity Jurisdiction Exists**

12.    Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

13.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Federal courts apply the "nerve center" test to determine a corporation's principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).  The company's officers or members "direct, control, and coordinate" the company's activities from the "nerve center." *Id*. at 92-93.  The "nerve center" will "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.  Plaintiff correctly alleges that Avvo is incorporated under the laws of Washington and has its principal place of business in Seattle, Washington.  Compl. ¶ 4.  In fact, Avvo's corporate headquarters are located in Seattle, Washington.  Avvo is therefore a citizen of the State of Washington.

14.    Plaintiff alleges she "is an attorney licensed to practice law in the state of Illinois."  Compl. ¶ 3.  Numerous online publications list Plaintiff's law offices in Chicago, Illinois.  On information and belief, Plaintiff does not reside in the State of Washington and is a

citizen of the State of Illinois. Plaintiff purports to bring this action on behalf of "[a]ll individuals licensed to practice law in the State of Illinois for whom Avvo, Inc., without consent, created a profile on its Website on which Avvo, Inc., without consent placed advertising material from other attorneys, individuals, or entities." *Id*. ¶ 19. According to the most recent version of the annual report of the Attorney Registration and Disciplinary Commission, issued April 30, 2015, 64,439 attorneys licensed in Illinois reported a principal address in Illinois, and 28,317 reported a principal address outside Illinois (the latter of which Washington addresses would comprise just a fraction). Thus, the proposed class primarily includes attorneys who are not citizens of the State of Washington.

15.     Accordingly, diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

16.     The diversity between Plaintiff and Avvo not only satisfies CAFA's minimal diversity requirements, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), for which Plaintiff would bear the burden of proof in any event.

**Avvo Satisfies the Remaining Requirements for Removal**

17.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Avvo filed it within thirty days after service of process, which took place on February 8, 2016, and also within thirty days after Plaintiff purports to have served Avvo with her Motion for Class Certification on February 4, 2016.

18.     Plaintiff brought this case as a putative class action and seeks to certify a class under 735 ILCS 5/2-801. *Id*. ¶ 19. This action is therefore a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

19.     The Court has original jurisdiction over this action under 28 U.S.C. § 1332(d). Avvo may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453.  Because Plaintiff filed this action in the Circuit Court of Cook County, Illinois, the United States District Court for the Northern District of Illinois is the proper forum for the case to be removed, pursuant to  28 U.S.C. §§ 84(a) and 1446(a).

20.     Copies of all process, pleadings, and orders served on Avvo in the State Court Lawsuit are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

21.     Avvo will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County and give written notice of the filing of this Notice of Removal to Plaintiff under 28 U.S.C. § 1446(d).

WHEREFORE, Avvo removes the above-described civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois for further proceedings.


DATED: March 4th, 2016

Respectfully submitted,

AVVO, INC.

By:   /s/David P. Sanders
                One of its attorneys

David P. Sanders (ARDC #2452359)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
Telephone:  (312) 222-9350


Bruce E.H. Johnson
Ambika K. Doran
DAVIS WRIGHT TREMAINE LLP

1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 622-3150
(*pro hac vice* applications to be filed)