# EXHIBIT A

# CLASS ACTION COMPLAINT

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| MORIA BERNSTEIN, individually, and on behalf of all those similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    2016CH01631 |
| | ) | CALENDAR/ROOM  04 |
| AVVO, INC. | ) | TIME 00:00 |
| | ) | Class Action |
| Defendant. | ) ) | Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiff MORIA BERNSTEIN ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel at Zimmerman Law Offices, P.C., brings this action against Defendant AVVO, INC. ("Defendant"), as follows:

### INTRODUCTION

1.      Plaintiff brings this suit on behalf of herself and a class of similarly situated individuals licensed to practice law in the Illinois who have not paid Defendant to advertise or market on Defendant's website. As set forth below, Defendant operates a website in which it creates separate individual webpage profiles for all licensed attorneys in Illinois and other states throughout the country. Defendant obtains this roster without any of the attorneys' involvement or consent, but instead does so by compiling the list from public records like bar admissions or other court records.

2.      Defendant makes money off of its website by selling advertising and marketing space on these attorneys' profiles – without the attorneys' consent – to other attorneys who agree

to pay Defendant a marketing fee. In doing so, Defendant uses attorneys' names and likenesses for its own commercial benefit.

## PARTIES

3. Plaintiff MORIA BERNSTEIN is an attorney licensed to practice law in the state of Illinois who specializes in the practice area of family law and residential real estate.

4. Defendant AVVO, INC. is a corporation organized under the laws of the state of Washington, with its principle place of business in Seattle, Washington.

## JURISIDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant is a corporation doing business within the State of Illinois. Defendant markets, sells, and collects money from Illinois attorneys for its marketing and advertising campaigns detailed herein. Defendant uses the names and/or likenesses of Illinois-licensed attorneys to sell advertising and marketing programs to other Illinois attorneys who pay Defendant a marketing fee. Defendant's purposeful availment of its contacts with Illinois and Illinois attorneys is such that it would not be unfair or unexpected to subject Defendant to suit within this Court pursuant to 735 ILCS 5/2-209(a)(1), (a)(2) and (b)(4).

6. Venue is proper pursuant to 735 ILCS 5/2-101, because Defendant is a non-resident of Illinois doing business in Illinois. This action may, therefore, be commenced in any county in Illinois.

## FACTUAL ALLEGATIONS

### Defendant's Business Practices

7. Defendant is in the business of creating an online directory of lawyers in Illinois and other states across the country. It obtains the roster of attorneys to be included in its online

2

directory, not from the attorneys themselves, but instead from scouring public records such as bar admissions and other court or regulatory records. As such, Defendant creates its directory listing of attorneys without any input, involvement, or consent of the attorneys listed in the directory.

8.      Defendant does not charge attorneys for whom it creates a profile page, nor does it charge consumers for visiting Defendant's website or accessing its online directory. Rather, Defendant's revenues derive from the use and appropriation of these attorneys' names and likenesses to sell advertising and marketing space to other attorneys who pay Defendant a marketing fee.

9.      Specifically, one of Defendant's programs is called "Avvo Advertising," in which attorneys may subscribe. Avvo Advertising is a fee-based marketing plan for which Defendant charges participating attorneys a recurring monthly marketing fee. In exchange, the attorneys who pay Defendant a marketing fee and subscribe to Avvo Advertising ("Avvo Advertising Attorneys") will have their ads prominently displayed as "Sponsored Listings" within the profile pages of attorneys who do not pay Defendant a fee ("Non-Paying Attorneys"). *See Description of Avvo Advertising Program*, attached hereto as Exhibit 1, at p. 1.

10.      Defendant chooses the profile pages of Non-Paying Attorneys on which to place ads for Avvo Advertising Attorneys "based on practice area and geography to make sure [Avvo Advertising Attorneys] [are] reaching the clients who need [their] services." *See* Exhibit 1, at p. 1. As a result, Defendant places advertising material for Avvo Advertising Attorneys on the profile pages of Non-Paying Attorneys who practice in the same geographic location, practice in the same area of law, and who often compete for the same clients as the Avvo Advertising Attorneys.

3

11.     Defendant places advertisements and marketing information for Avvo Advertising Attorneys on Non-Paying Attorneys' profile pages without notifying the Non-Paying Attorneys or obtaining their consent. Nowhere in the "Terms and Conditions" does Defendant inform Non-Paying Attorneys that advertisements will be placed on their profile pages.[1]

12.     Another of Defendant's programs is called "Avvo Pro," in which attorneys may subscribe if they pay Defendant a monthly marketing fee. Defendant promises subscribers of the Avvo Pro program ("Avvo Pro Attorneys") that "[Avvo Advertising Attorneys'] sponsored ads won't appear on [Avvo Pro Attorneys'] profiles, keeping the focus on the services [Avvo Pro Attorneys] can provide." *See Description of Avvo Pro Program*, attached hereto as Exhibit 2, at p. 1.

13.     Defendant's implementation of the Avvo Pro program is a means to coerce Non-Paying Attorneys into paying Defendant a marketing fee so that Defendant will not misappropriate Non-Paying Attorneys' identities or sell advertising space to Non-Paying Attorneys' competitors.

### Plaintiff's Profile Page on Defendant's Website

14.     Plaintiff is a Non-Paying Attorney who does not subscribe to either the Avvo Advertising program or the Avvo Pro program.

15.     Defendant created a profile webpage for Plaintiff, in which Defendant lists Plaintiff's name, address, years of experience, areas of practice, employment information, educational information, and an Avvo rating.

---

[1] *See* "Terms and Conditions," located at www.avvo.com/support/terms.

16.    Plaintiff never consented to Defendant's creation of a profile page with her name, employment and educational information, professional characteristics, or other appropriations of her likenesses or identity. Defendant created this profile page without Plaintiff's consent.

17.    Also without Plaintiff's consent, Defendant sold to Avvo Advertising Attorneys the right to place their advertisements or marketing profiles on the profile page identified by Plaintiff's name and likeness. As a result, anyone visiting the profile page identifying Plaintiff's name and likeness will see advertisements or marketing profiles of Avvo Advertising Attorneys who practice in the same geographic location and in the same practice areas as Plaintiff.

18.    The profile page for Plaintiff contains advertisements for Jessica Interlandi ("Ms. Interlandi"), Robert Downs ("Mr. Downs"), Jonathan Shimberg ("Mr. Shimberg"), and Michael Craven ("Mr. Craven"). *See* Exhibit 3, at pp. 1-2. The advertisements state that Ms. Interlandi, Mr. Downs, Mr. Shimberg, and Mr. Craven are all family law attorneys, just like Plaintiff. Plaintiff never consented to the sale of space on her profile page to Ms. Interlandi, Mr. Downs, Mr. Shimberg, and Mr. Craven in exchange for Defendant's collection of a marketing fee.

## CLASS ALLEGATIONS

19.    Plaintiff brings this action pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals and entities ("the Class") defined as follows:

> All individuals licensed to practice law in the State of Illinois for whom Avvo, Inc., without consent, created a profile page on its website on which Avvo, Inc., without consent, placed advertising material from other attorneys, individuals, or entities.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

5

20. The members of the Class are so numerous that joinder of all members is impracticable. Defendant's own website provides that it maintains profiles for 97% of all attorneys in the United States.[2] Based on the vast majority of attorneys licensed in Illinois who do not subscribe to either the Avvo Advertising program or the Avvo Pro program, it is likely that the Class comprises of thousands of members, if not more. The exact number of Class members can be determined from records maintained by Defendant.

21. Common questions of law and fact exist as to all members of the Class, including, but not limited to:

      A.    Whether Plaintiff and members of the Class have a protected legal interest in their respective names and/or likenesses;

      B.    Whether Defendant misappropriated Plaintiff's and the Class's names and/or likenesses;

      C.    Whether Defendant's use of Plaintiff's and the Class's identities violated the Right of Publicity Act;

      D.    Whether Defendant's use of Plaintiff's and the Class's names and likenesses infringed on their common law right of privacy; and

      E.    Whether the profits that Defendant received by selling advertising and marketing space on Plaintiff's and the Class's Avvo profile pages constitute actual damages.

22. Common questions of law and fact that exist as to the Class predominate over questions, if any, affecting solely individual Class members.

23. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation in state and federal courts nationwide, and Plaintiff has no interest adverse to any member of the Class. Plaintiff intends to prosecute this case vigorously on behalf of herself and the Class.

---

[2] *See* www.avvo.com.

24.     Defendant has acted on grounds generally applicable to the entire Class. Defendant engages in the same business practice of creating profile pages for attorneys without their consent and selling advertising space on those pages to Avvo Advertising Attorneys.

25.     A class action is an appropriate method for the fair and efficient adjudication of this controversy, because it involves a uniform course of conduct equally applicable to Plaintiff and all members of the Class. A class action can therefore best secure the economies of time, effort, and expense or accomplish the other ends of equity and justice that this action seeks to obtain.

**COUNT I**
**(Violation of the Right of Publicity Act)**

26.     Plaintiff repeats and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

27.     The Right of Publicity Act provides, "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons...or their authorized representative." 765 ILCS 1075/30(a).

28.     The Right of Publicity Act may be enforced by any individual or his or her authorized representative. *See* 765 ILCS 1075/20(a)(1).

29.     "A person who violates the [Right of Publicity Act] may be liable for either of the following, whichever is greater: (1) actual damages, profits derived from the unauthorized use, or both; or (2) $1,000." 765 ILCS 1075/40(a)(1)-(2). In order to show profits, a plaintiff must "prove the damages or gross revenue attributable to the unauthorized use[.]" 765 ILCS 1075/45(a). Punitive damages may also be awarded for willful violations. 765 ILCS 1075/40(b).

7

30. The profile pages created for Plaintiff and members of the Class on Defendant's website appropriate Plaintiff's and Class members' identity because the profile pages contain their names, years of experience, current employers, former employers, educational information, and other professional characteristics. Plaintiff and members of the Class are clearly identified through the profile pages Defendant created in their names and likenesses.

31. Defendant's use of Plaintiff's and Class members' identities was for a commercial purpose because Defendant used Plaintiff's and Class members' profile pages to sell advertising or marketing space to Avvo Advertising Attorneys.

32. Plaintiff and Class members did not consent, in writing or otherwise, to Defendant's creation of profile pages that appropriate their identities. Further, Plaintiff and Class members did not consent, in writing or otherwise, that Defendant sell advertising and marketing space on the profile pages that appropriate their identities, nor did they consent for Defendant to use their identities for any other commercial purpose.

33. Defendant profited from its unauthorized use of Plaintiff's and Class members' identities because it collected marketing fees from Avvo Advertising Attorneys who bought advertising space on Plaintiff's and Class members' profile pages. Further, by threatening that advertising and marketing materials for competing Avvo Advertising Attorneys will be posted on Non-Paying Attorneys' profile pages, Defendant was able to sell more Avvo Pro subscriptions and profit therefrom.

34. The gross revenue attributable to the unauthorized use of Plaintiff's and Class members' identities includes, but is not limited to, the profit that Defendant made from selling Avvo Advertising subscriptions and Avvo Pro subscriptions, as this revenue was generated

8

through the sale and threat of sale of advertising and marketing space on Plaintiff's and Class

members' profile pages. This gross revenue may be identified through Defendant's records.

35.    As such, Defendant's unauthorized use of Plaintiff's and Class members'

identities for a commercial purpose violated section 1075/30(a) of the Right of Publicity Act.

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated,

prays for an Order as follows:

> A.   Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Illinois, and certifying the Class defined herein;
>
> B.   Designating Plaintiff as a representative of the Class, and her undersigned counsel as Class Counsel;
>
> C.   Entering judgment in favor of Plaintiff and the Class and against Defendant;
>
> D.   Awarding Plaintiff and the Class injunctive relief ordering Defendant to stop using their likenesses and identities for Defendant's own benefit;
>
> E.   Awarding Plaintiff and the Class all equitable and monetary relief in an amount to be determined at trial, including pre-judgment and post-judgment interest;
>
> F.   Awarding Plaintiff and the Class actual, statutory and punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and
>
> G.   Granting all such further and other relief as the Court deems just and appropriate.

## COUNT II
### (Misappropriation of Identity)

36.    Plaintiff repeats and incorporates by reference paragraphs 1-25 of this Complaint

as if fully set forth herein.

37.    Misappropriation of identity is a tort in Illinois arising from the common law right

to privacy, and it is "designed to prevent the commercial use of one's name or image without

consent." *Petty v. Chrysler Corp.*, 343 Ill.App.3d 815, 826 (1st Dist. 2003) (citing *Ainsworth v. Century Supply Co.*, 295 Ill.App.3d 644, 648 (2nd Dist. 1998)).

38.    To succeed on a tort claim for misappropriation of identity, a plaintiff must show: (1) an appropriation of one's name or likeness; (2) without consent; (3) for another's use or benefit. *Dwyer v. Am. Exp. Co.*, 273 Ill.App.3d 742, 748 (1st Dist. 1995). A plaintiff "need not prove actual damages, because the court will presume damages if someone infringes another's right to control his identity." *Petty*, 343 Ill.App.3d at 826.

39.    The rights and remedies available under the common law right of privacy and the Right of Publicity Act are supplemental to one another. *See* 765 ILCS 1075/60.

40.    As set forth above, Defendant's creation of profile pages on the Avvo website appropriated Plaintiff's and Class members' names and likenesses.

41.    As set forth above, Defendant's use of Plaintiff's and Class members' names and likenesses was done without their consent.

42.    As set forth above, Defendant benefitted from its appropriation of Plaintiff's and Class members' names and likenesses. These benefits include, but are not limited to, the profits Defendant generated from attorneys who paid Defendant a marketing fee for Avvo Advertising subscriptions and Avvo Pro subscriptions.

43.    By misappropriating Plaintiff's and Class members' names and likenesses, Defendant infringed on Plaintiff's and Class members' right to control their identities in violation of their common law right of privacy.

WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated, prays for an Order as follows:

        A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Illinois, and certifying the Class defined herein;

10

B.  Designating Plaintiff as a representative of the Class, and her undersigned counsel as Class Counsel;

C.  Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.  Awarding Plaintiff and the Class injunctive relief ordering Defendant to stop using their likenesses and identities for Defendant's own benefit;

E.  Awarding Plaintiff and the Class all equitable and monetary relief in an amount to be determined at trial, including pre-judgment and post-judgment interest;

F.  Awarding Plaintiff and the Class actual and punitive damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

G.  Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts so triable.


Plaintiff MORIA BERNSTEIN, individually, and on behalf of all others similarly situated,

By: _____

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Amelia S. Newton
*amy@attorneyzim.com*
Jordan M. Rudnick
*Jordan@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220

11

Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Firm I.D. No. 34418
www.attorneyzim.com

Counsel for the Plaintiff and Class



Marketing and advertising for lawyers > Avvo Advertising

# Avvo Advertising

## More Visibility. More Business.

As the premier destination on the web for people seeking legal services, Avvo advertising gets you greater exposure among the millions of Avvo visitors each month.

- Targeted, low-cost advertising solutions put your services in front of those most likely to need them.
- Sponsored listings and display ads appear across the site, getting you noticed by more potential clients every day.

Contact sales

## Smart, proven paid options to help you generate more leads and get more clients.

Avvo Advertising is targeted, measurable, and flexible, allowing you to focus your resources and maximize exposure to the prospective clients most likely to hire you.

- Define who sees your ad based on practice area and geography to make sure you're reaching the clients who need your services.
- Receive detailed reporting to know how your ads are performing.
- With no long-term contracts or set up fees, you'll have increased flexibility with your marketing strategies.

## Sponsored listing

With their prominent location, sponsored listings are often the first thing potential clients see. Quickly and easily place your services in front of those in need of them.

- Appearing across the site, including above lawyer search results, Q&A forum pages, Legal Guides and competitor profiles.
- Easy-to-use so your ad will often go live within 24 hours.

## Display ad

These big, colorful, eye-catching advertisements are featured on our most popular pages, placing your services in high-visibility areas of the page and in front of millions of potential clients.

- Featured on our highest-traffic pages, including on lawyer search results, Q&A forum pages, Legal Guides and competitor profiles.
- Easy-to-use design options allow you choose one of our customizable templates or submit your own design.

**Exhibit 1**

Avvo Advertising                                                    http://www.avvo.com/for-lawyers/avvo-advertising

## Refer a friend

If you're advertising on Avvo, you already know how Avvo helps great lawyers get more business. Help spread the word by recommending Avvo to a fellow lawyer and you'll get credit for a free month of Avvo advertising, up to the monthly value of your friend's ad.

### Start generating more leads.

Contact ad sales now

**ESTABLISH YOUR BRAND.**



**Avvo Websites**
Performance websites for attorneys
Learn more

**CLOSE MORE CLIENTS.**



**Avvo Ignite Suite**
Software to manage, optimize and grow your business.
Learn more

## Questions? Call us.

# (888) 382-8861

About Avvo    Careers    Review your lawyer    NakedLaw blog    For lawyers

Terms of use    Privacy policy    Support    Community guidelines    Mobile apps

Legal. Easier.

© Avvo Inc. All Rights Reserved 2015

Avvo Pro                                              http://www.avvo.com/for-lawyers/avvo-pro



Marketing and advertising for lawyers > Avvo Pro



## Avvo Pro

### Take your profile to the next level.

Your Avvo Profile represents your first opportunity to make an impression on prospective clients. Using the suite of tools offered by Avvo Pro gives you the opportunity to customize your profile and maximize its impact.

- Create a personal introduction for each of your practice areas to capture the attention of potential clients.
- Other lawyers' sponsored ads won't appear on your profile, keeping the focus on the services you can provide.

### Upgrade to Avvo Pro now.
### Call (888) 382-8861

### Connect with clients through customization.

Turn your free Avvo Profile into a dynamic, fully-customized marketing tool. Using Avvo Pro allows you to personalize your profile, making it the first step towards generating new clients.

- Spotlight two client reviews and two peer endorsements to display prominently on your profile, demonstrating your proven track-record.
- Include a live feed to your blog posts on your Avvo profile, letting potential clients see your legal knowledge at work.

California's Leading Accident Law Firm. Contact Us For Free Advice Over The Telephone 877-275-1480

★★★★★
Great Lawyer - Great Law Firm - Thank you
- a Personal Injury client

★★★★★
orange county motorcycle accident lawyer
- a Car Accident client







... about a month ago. Absolutely. Please, at the very least consult with an ...rney that handles TBI matters. These cases are complex & require skilled ...ering to maximize the case value so that your husband is properly ...pensated. One of the most important things to be advised on early in an ...ent case in "preservation of evidence" & thus this process must be ...
... More


AVVO
RATING

### Generate leads with enhanced contact options.

Avvo Pro allows you to choose how you want to be contacted, prominently displaying this info on your profile. You can also include a custom message with your contact info to begin reaching potential clients right away.

- Potential clients will now see your contact information on your lawyer search results listing, putting you one step ahead other attorneys.
- See who's contacting you by phone, email, or visiting your website, and get tips on how to convert more profile visitors into client contacts.

**Exhibit 2**

Avvo Pro                                          http://www.avvo.com/for-lawyers/avvo-pro



Newport Beach, CA
Car / Auto Accident Lawyer                        **10.0**
Licensed for 15 years                             Superb

## Track your performance on Avvo with detailed reporting and analytics.

📞 800-300-0001   ✉ Email   🌐 Website

Avvo Pro provides you with data about how many people see you on Avvo,
including how effectively your profile is driving contacts. With this data you can
assess and track your performance across the site.

- Get a 30-day breakdown of how many people saw your Avvo profile, your listing
  in search results, your contributions to Answers & Advice and Legal Guides, and
  any sponsored listings you purchased through Avvo Advertising.
- See the percentage of Avvo users who saw one of your pages when searching
  for an attorney by your practice area and location.

You were seen by 13,608 potential clients.

|  | Last 30 days | Yesterday |
|---|---|---|
| Visitors | 13,608 | 506 |
| Resulting contacts | 112 | 10 |

| Where you were seen | Last 30 days | Yesterday |
|---|---|---|
| Profile | 226 | 8 |
| Answers | 1,714 | 45 |
| Legal Guides | 2 | 0 |
| Lawyer Directory | 2,178 | 41 |
| Top Contributor | 0 | 0 |
| Advertisements | 21,427 | 832 |
| Total | 25,527 | 976 |



### Get one month of Avvo Pro for FREE.

Take Avvo Pro for a test drive and see the difference it makes. At only $49.95 per month, Avvo Pro helps you
set yourself apart from the rest and gets you more business.

## Set yourself apart. Get more business.

### Upgrade to Avvo Pro now.
### Call (888) 382-8861

**ESTABLISH YOUR BRAND.**                         **CLOSE MORE CLIENTS.**



Avvo Websites                                     Avvo Ignite Suite
Performance websites for attorneys                Software to manage, optimize and grow your business.
Learn more                                        Learn more

## Questions? Call us.

# (888) 382-8861

**Avvo Pro**                                    http://www.avvo.com/for-lawyers/avvo-pro

About Avvo     Careers     Review your lawyer     NakedLaw blog     For lawyers

Terms of use     Privacy policy     Support     Community guidelines     Mobile apps

**Legal. Easier.**

↻ Avvo Inc. All Rights Reserved 2015

1/17/2016                                   Lawyer Moria Bernstein - Chicago, IL Attorney - Awo.com

## Moria A. Bernstein

(/attorneys/60603-
il-moria-bernstein-
1137903.html)

**Practice areas:**                  ♥ Chicago, IL
Family, Mediation, Real Estate,      🏛 Licensed for 19 years
Litigation

**Client Rating:**                   **Avvo Rating:**
Not yet reviewed                     6.7 out of 10
Review Moria Bernstein >

(/support/avvo_rating)

## AvvoAdvisor

### Stop searching and get answers.

Talk to an Avvo-vetted lawyer on the phone now. 15-min
call for just $39.

Learn more > (http://www.avvo.com/advisor?avvo_campaign=avvo_advisor&avvo_medium=profile_header_show&avvo_source=avvo)

SPONSORED LISTINGS

**Jessica Bank Interlandi**
(https://ads.avvo.com/ads/click?
ad_click_type=profile&impression_guid=d187dbe14cab-44c8-e431-
3958429fe670&sig=108a4e65a0a47636c317a4bae3207f5e04f5186b&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60601-
il-jessica-interlandi-1051592.html)
★★★★★ 7 Reviews
I Keep The Client's Goals Paramount  Specializing In Complex Family
Law Matters. Call 312-248-9197'

3958429fe670&sig=08ag458a0a47636c317a4bae3207f5e04f5186b&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60601-
il-jessica-interlandi-1051592.html)

Website (https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=d187dbe14cab-44c8-e431-
3958429fe670&sig=b8b7f50d25bceed0e00bf56ed6d03f6063186e7&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60601-
il-jessica-interlandi-1051592%2Fwebsite.html%3Fad_id%3D1605223&26ad_type%3DSL)

Profile (https://ads.avvo.com/ads/click?ad_click_type=profile&impression_guid=d187dbe14cab-44c8-e431-

📧 Email (/attorneys/60603-il-moria-bernstein-1137903/contact.html)

**Robert K. Downs**
(https://ads.avvo.com/ads/click?
ad_click_type=profile&impression_guid=1e15bc35-d7f41c5-eccb-
80df464a29e4&sig=364f96e78d25a7I2+e38c8591fc85560e4b1aadc&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60606-
il-robert-downs-1121589.html)
★★★★★ 7 Reviews
'We Don't Promise What We Can't Deliver! Call: 312-854-2750'
80df464a29e4&sig=364f96e78d25a7I2+e38c8591fc85560e4b1aadc&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60606-
il-robert-downs-1121589.html)

Website (https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=1e15bc35-d7f41c5-eccb-
80df464a29e4&sig=364f96e78d25a7I2+e38c8591fc85560e4b1aadc&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60606-
il-robert-downs-1121589%2Fwebsite.html%3Fad_id%3D1468%26ad_type%3DSL)

Profile (https://ads.avvo.com/ads/click?ad_click_type=profile&impression_guid=1e15bc35-d7f41c5-eccb-
80df464a29e4&sig=364f96e78d25a7I2+e38c8591fc85560e4b1aadc&url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60606-
il-robert-downs-1121589.html)

Call 312-854-2750 (https://ads.avvo.com/ads/click?ad_click_type=phone&impression_guid=bc13bc35-d7f141c5-eccb-80df464b29e4&sig=7e89daac1b5b71c019bab68dc9e1e2017a7dd11b&url=tel%3A312-854-2750)

**Jonathan Edward Shimberg**
https://ads.avvo.com/ads/click?
ad_click_type=profile&impression_guid=2f19975-5102-41e9-b884-
232f1ca9becc2&sig=206b9ru026bcu5c200035bf0eDcu0b5Gu453178&url=https%3A%2F%21 www.avvo.com%2F attorneys%21 60203-
il-jonathan-shimberg-1057132.html)
★★★★★ 3 Reviews.
'Accessible, Affordable & Efficient In All Family Law Matters. Call 847-
243-6177'



Exhibit 3

Call 847-243-6127 (https://ads.avvo.com/ads/click?ad_click_type=phone&impression_guid=82f99f78-5102-43e9-b884-2328fcd96cc2&sig=b4a4f4fbec8fa82a158e9e73a68c3f210664bbec&url=la%3A847-243-6127)

## Client reviews

**Not yet reviewed**

Rate your lawyer

☆ ☆ ☆ ☆ ☆

Your review                 4000

Share your experience to help future clients.

| Review Moria Bernstein |

ADVERTISING



**Michael Craven**

Well Known, Respected, and Effective Family Law Attorney

Client Rating
★ ★ ★ ★

Call 312-725-2444

✔ Divorce
✔ Property Divison
✔ Child Custody and Child Support

| View Website |

(https://ads.avvo.com/ads/click?
ad_click_type=website&impression_guid=c99d1884-de2a-
4d7f-9369-
c22b3d6755c3&sig=9f44b899c5b2fca39264153c39b52c3f81210d078url=https%3A%2F%2Fwww.avvo.com%2Fattorneys%2F60606-
il-michael-craven-
1032654%2Fwebsite.html%3Fad_id%3D21778%26ad_type%3DDDA)

## Practice areas

Licensed for 19 years



Family: 40%

Litigation: 20%

Real Estate: 20%

Mediation: 20%

## Attorney endorsements

No endorsements

Endorsements from fellow lawyers are an important
consideration for many when selecting the right
attorney. Be the first to endorse your colleague!

Are you an attorney? Endorse this lawyer > (/attorneys/60603-il-m...

# Contact info



**Law Offices of Moria Bernstein**
15 Dearborn St Fl 21
Chicago, IL 60603-2307

Office (708) 715-5848 (tel:7087156848)

📞 Call (tel:7087156848)

✉ Email (/attorneys/60603-il-moria-bernstein-1137903/contact.htm

# Resume

### License

State

Status

Acquired

Updated

IL

Active And Authorized To Practice Law

1996

1/12/2015

⊘ We have not found any instances of professional
misconduct for this lawyer.

### Avvo contributions

Legal answers  0

Legal guides  0

### Education

Chicago-Kent College of Law Illinois Institute of Technology
Major: N/A
Degree: N/A
Graduated: N/A

Find a lawyer (/find-a-lawyer) › Illinois (/all-lawyers/il.html)
> Chicago (/all-lawyers/il/chicago.htm)
> Family Law Attorneys (/family-lawyer/il/chicago.html)
> Moria A. Bernstein

About Avvo (/about_avvo/about_us)

Careers (/about_avvo/jobs)

Review your lawyer (/review-your-lawyer)

NakedLaw blog (//nakedlaw.avvo.com)

For lawyers (/for-lawyers)

Terms of use (/support/terms)     Privacy policy (/support/privacy)
Support (for-lawyers/support)
Customer guidelines (/support/community_guidelines)     Mobile apps (/apps)

Legal. Easier.

f   y   in   ▶   S+

(//www.facebook.com/... ...©2923877554905)

# MOTION FOR CLASS CERTIFICATION

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

MORIA BERNSTEIN, individually, and on behalf )
of all those similarly situated, )
                                         )
                       Plaintiff, )
                                         )
     v.                       )     No.
                                         )
AVVO, INC.                      )
                                       )
                   Defendant. )

## MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff MORIA BERNSTEIN ("Plaintiff"), individually, and on behalf

of all others similarly situated, by and through counsel, and, pursuant to 735 ILCS 5/2-801,

moves this Court for an order certifying this action as a class action, as follows:

### I.    INTRODUCTION.

The Class on behalf of which Plaintiff seeks to maintain this action is defined as follows:

> All individuals licensed to practice law in the State of Illinois for whom Avvo,
> Inc., without consent, created a profile page on its website on which Avvo, Inc.,
> without consent, placed advertising material from other attorneys, individuals, or
> entities.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents,
successors, predecessors, and any entity in which Defendant or its parents have a controlling
interest, and those entities' current and former employees, officers, and directors; (2) the Judge
to whom this case is assigned and the Judge's immediate family; (3) any person who executes
and files a timely request for exclusion from the Class; (4) any persons who have had their
claims in this matter finally adjudicated and/or otherwise released; and (5) the legal
representatives, successors and assigns of any such excluded person.

Plaintiff filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook

County, Illinois, against Defendant AVVO, INC. ("Defendant"), alleging two (2) causes of

action: (1) Defendant's violation of the Right of Publicity Act; and (2) misappropriation of identity.

Plaintiff incorporates by reference the allegations in its Complaint in support of this motion.

## II.     LEGAL ARGUMENT.

### A.     Standard for Class Certification.

Class certification is governed by section 2-801 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-801. In order for an action to be maintained as a class action, the movant must demonstrate that: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the Class that predominate over individual questions; (3) the Class Representative will fairly and adequately protect the interests of the Class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy. *Id.* As soon as practicable after the commencement of a class action, a Court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the Class. 735 ILCS 5/2-802(a). The order may be conditional and may be amended before a decision on the merits. *Id.*

The decision to certify a purported Class is within the sound discretion of the trial court. *McCabe v. Burgess*, 75 Ill.2d 457, 464 (1979); *A.G. Farms, Inc. v. American Premier Underwriters, Inc.*, 296 Ill.App.3d 684, 695 (4th Dist. 1998); *see also Schlenz v. Castle*, 84 Ill.2d 196, 203 (1981) (holding that certification by trial court will only be disturbed if there is an abuse of discretion or impermissible application of legal standard). When deciding whether to certify a Class, the Court may consider "any matters of law or fact properly presented by the record including the pleadings, depositions, affidavits, answers to interrogatories and any

evidence that may be adduced at hearings." *Gorden v. Boden*, 224 Ill.App.3d 195, 199 (1st Dist. 1991), quoting *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 137 Ill.App.3d 84, 100 (5th Dist. 1985); *Brown v. Murphy*, 278 Ill.App.3d 981, 989 (1st Dist. 1996).

A class action is an appropriate method of disposing of a number of relatively small claims. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 8-9 (1981) (reasoning that purpose of class action is to allow a representative party to pursue claims of a large number of persons with like claims). Class actions are an essential and well-accepted way for courts to protect consumers. "In a large and impersonal society, class actions are often the last barricade of consumer protection. Generally, individual plaintiffs cannot, will not and ought not be required to pursue what would often be trivial relief." *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004 (1st Dist. 1991). A class action is "an inviting procedural device to cope with frauds causing small damages to large groups.... The alternatives to the class action—private suits or governmental action—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective." *Id.*

**B.     Joinder of All Members of the Purported Class Would Be Impracticable.**

Section 2-801(1) of the Code of Civil Procedure, the so called "numerosity requirement," necessitates that the Class be "so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1).  Very few Illinois cases specifically address the numerosity requirement, but Illinois courts construing the section may follow federal practice under Rule 23(a)(1) (Fed. R. Civ. P. 23(a)(1)) for guidance. *In re Application of Rosewell*, 236 Ill.App.3d 165, 173-74 (1st Dist. 1992), relying on Forde, *State Practice: Illinois Class Action Statute,* in Class Actions ch. 7, § 7.6 (Ill. Inst. for Cont. Legal Educ. (1986)).  Purported numbers are not dispositive; rather, the question of numerosity depends upon the particular facts of each case. *Id.*

3

Federal courts have not established a bright line or a minimum number of members to create a Class. *Wood River Area Development Corp. v. Germania Fed. Savings and Loan Ass'n,* 198 Ill.App.3d 445, 450 (5th Dist. 1990). If, however, a putative Class has more than forty people in it, then numerosity is satisfied. *Id., citing* Miller, *An Overview of Federal Class Actions: Past, Present, and Future,* Federal Judicial Center, at 22 (1977); *see also Swanson v. American Consumer Industries,* 415 F.2d 1326, 1333 (7th Cir. 1969) (holding 40 members sufficient for class certification); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986) (reasoning where Class numbers at least 40, joinder is generally considered impracticable).

The Court has the ability to make common sense assumptions to find support for numerosity. *Patrykus v. Gomilla,* 121 F.R.D. 357, 360 (N.D. Ill. 1988); *Evans v. United States Pipe & Foundry,* 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination.... Where the exact size of the Class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), § 7.22.A.

The fact that Plaintiff cannot state with specificity the exact number of purported Class members at this time does not defeat the existence of sufficient numerosity, because it is not necessary that Plaintiff knows the precise number of Class members at the outset of the case. Indeed, "Plaintiffs are not required to specify the exact number of Class members so long as a good faith estimate is provided." *McKenzie v. City of Chicago,* 175 F.R.D. 280, 285 (N.D. Ill. 1997), *citing Long v. Thornton Township High School Dist. 205,* 82 F.R.D. 186, 189 (N.D. Ill. 1979). *See Miner,* 87 Ill.2d at 18 (rejecting defendant's arguments on basis that individuals with

4

potential claims are readily identifiable by examination of defendant's files); *see also In re Rosewell*, 236 Ill.App.3d at 173-73 (affirming trial court's conclusion that joinder of potential Class members was practical because of inherent ease of identifying affected taxpayers in addition to geographic location and size of claims).

Here, 735 ILCS 5/2-801(1) is satisfied, as the Class is so numerous that joinder of all members is impractical. Plaintiff has alleged that the Class likely consists of thousands of members, and that the Class members can easily be identified through Defendant's records or by other means. *See* Complaint, ¶ 20. Indeed, Defendant's website touts that it maintains profiles for 97% if all attorneys in the United States. *See* Complaint, ¶ 20. It is likely that thousands of attorneys all over Illinois have had advertising space on their profile pages sold to other attorneys without their consent.

### C. Questions of Law and Fact Common to the Putative Class Predominate Over Any Questions Affecting Only Individual Members.

Section 2-801(2) requires Plaintiff to demonstrate that there are questions of law or fact common to the Class that predominate over any questions affecting only individual members. 735 ILCS 5/2-801(2). Illinois has been hospitable to the maintenance of class actions and has been willing to recognize that common questions of law and fact predominate in numerous situations. *Eshaghi*, 214 Ill.App.3d at 1002. As long as there are questions of fact or law common to the Class and these predominate over any other questions affecting only individual members of the Class, then the commonality requirement is satisfied. *Slimack v. Country Life Ins. Co.*, 227 Ill.App.3d 287, 292 (5th Dist. 1992), relying on *Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 337-38 (1977); *see also Wenthold v. AT&T Technologies, Inc.*, 142 Ill.App.3d 612, 618 (1st Dist. 1986) (affirming circuit court finding of at least five or six common issues of law or fact). Satisfaction of the requirement pertaining to predominating

common questions of fact or law requires a showing that successful adjudication of the purported

Class Representative's individual claims will establish a right of recovery in other Class

members. *Scott v. Ambassador Insurance Co.*, 100 Ill.App.3d 184, 187 (1st Dist. 1981).

Once the basic determination has been made that a predominating common question of

fact or law exists, the fact that there may also be individual questions will not defeat the

predominating common question. *Miner*, 87 Ill.2d at 19. A multitude of state cases reveals that

Illinois does not require Class members to have exact and duplicate causes of action to be

included as members of a purported Class. *Eshaghi*, 214 Ill.App.3d at 1004. In fact, Class

members may have significant differences in their claims, and commonality can still be found.

*Id.* Not all factual or legal questions raised in the litigation need be common so long as at least

one issue is common to all Class members. *Miner,* 87 Ill.2d at 17-18; *Kennedy v. Commercial*

*Carriers, Inc.* 294 Ill.App.3d 34, 39 (1st Dist. 1997). Where situations requiring individual

determinations exist, however, the Court has authority to establish subclasses with each subclass

being treated as a Class under 735 ILCS 5/2-802(b). *Purcell & Wardrobe Chartered v. Hertz*

*Corp.*, 175 Ill.App.3d 1069, 1075 (1st Dist. 1988); *Wenthold,* 142 Ill.App.3d at 619; *Eshaghi,*

214 Ill.App.3d at 1004; *Steinberg*, 69 Ill.2d at 342.

In this case, there are questions of law and fact common to the Class which predominate

over any questions affecting only individual members, in satisfaction of 735 ILCS 5/2-801(2).

*See* Complaint, ¶ 21. These questions include, but are not limited to, the following:

    A.    Whether Plaintiff and members of the Class have a protected legal interest in their respective names and/or likenesses;

    B.    Whether Defendant misappropriated Plaintiff's and the Class's names and/or likenesses;

    C.    Whether Defendant's use of Plaintiff's and the Class's identities violated the Right of Publicity Act;

6

D.   Whether Defendant's use of Plaintiff's and the Class's names and likenesses infringed on their common law right of privacy; and

E.   Whether the profits that Defendant received by selling advertising and marketing space on Plaintiff's and the Class's Avvo profile pages constitute actual damages.

The questions of law and fact are independent of any individual damage questions for Plaintiff and each Class member.

**D.   The Proposed Class Representative Will Fairly and Adequately Represent the Interests of the Class.**

Certification requires a showing that the proposed Class Representative will fairly and adequately represent the interests of the Class. 735 ILCS 5/2-801(3). Absentee Class members must be so represented that their rights will receive adequate protection. *Steinberg*, 69 Ill.2d at 338. The test applied to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined, and whether the litigating parties fairly represent those not joined. *Newberry Library v. Board of Education*, 387 Ill. 85, 90 (1944); *Miner*, 87 Ill.2d at 14. Additionally, a Class Representative's attorney "must be qualified, experienced and generally able to conduct the proposed litigation." *Steinberg*, 69 Ill.2d at 338-39. Finally, the Class Representative's interest must not appear collusive. *Id.*

The claims of Plaintiff are typical of the claims of the Class. Defendant appropriated Plaintiff's name and likeness by creating a profile page for Plaintiff on its website without Plaintiff's knowledge, consent, or participation. *See* Complaint, ¶¶ 15-16. Then, without Plaintiff's consent, Defendant sold advertising space on Plaintiffs' profile pages to other attorneys who paid Defendant a marketing fee. *See* Complaint, ¶¶ 17-18.

7

Defendant's conduct regarding its misappropriation and use of attorneys' names, likenesses, and identities for its own commercial benefit was uniform to all members of the Class, and the gross revenue Defendant generated is directly attributable to Defendant's unauthorized use of the Class's identities, names, and likenesses. *See* Complaint, ¶¶ 33-34.

Plaintiff will fairly and adequately protect the interest of the Class, as she is committed to the vigorous prosecution of this action and has retained competent, qualified and experienced counsel able to prosecute the action on behalf of the Class. *See* Complaint, ¶ 23; and Plaintiff's counsel's website at *www.attorneyzim.com.*

### E.  A Class Action Is an Appropriate Method for the Fair and Efficient Adjudication of the Instant Action.

Section 5/2-801(4) requires that the class action be "an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). In making this determination, a Court must consider whether a class action "(1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill.App.3d at 203; *see also McCabe*, 75 Ill.2d at 468 (holding that federal construction as it relates to economies to be affected through use of class actions should be applied by Illinois courts).

In this case, the class action is an appropriate method for the fair and efficient adjudication of the claims involved, and satisfies 735 ILCS 5/2-801(4). *See* Complaint, ¶ 25. A class action certified by the Court will result in the fair and efficient adjudication of the controversy between the parties based on the identity of issues and common questions, as well as avoiding the filing of numerous repeated and similar individual and class actions.

8

Moreover, there is no better method than a class action for the adjudication of the relatively small claims that might be bought by each individual Class member. The difficulties sometimes encountered in the management of a class action in the present case are minimal. Each Class member's damages arise from the same identical set of facts and circumstances, to wit: Defendant's unauthorized use and appropriation of Plaintiff's and Class members' identities, names, and likenesses for Defendant's own commercial benefit. The liability issues are identical with regard to each Class member.

The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, which would establish inconsistent adjudications with respect to individual members of the Class. These inconsistent adjudications would, as a practical matter, be dispositive of the other members not parties to the adjudications or which would substantially impair or impede their ability to protect their interests.

## III.    CONCLUSION.

The Court should certify the Class, as there is no better method available for the adjudication of the claims of Plaintiff and the Class. Defendant's wrongdoing was identical with respect to each of the Class members for each claim.

Furthermore, the filing of numerous cases against Defendant would be unduly burdensome to the Courts. Judicial efficiency would be greatly promoted by the adjudication of identical claims through a single proceeding.

Therefore, from the perspective of the Court system and the Class members, a class action is a superior means of resolving the issues regarding Defendant's misconduct, especially when compared to individual actions, due to the relatively small amount of damages suffered by each Class member. Allowing this case to proceed as a class action will be an efficient use of

judicial resources and will be superior to individual lawsuits, especially considering the fact that

the tremendous amount of court filings in the Circuit Court of Cook County indicates that there

is a large number of potential individual plaintiffs.

      WHEREFORE, Plaintiff MORIA BERNSTEIN, individually, and on behalf of all others

similarly situated, prays that the Court enter an order that this action as described may be

maintained as a class action pursuant to 735 ILCS 5/2-801, that Plaintiff be appointed as the

Class Representative, that Plaintiff's counsel be designated as Class counsel, that the Court

certify the Class as defined above, and for any other relief the Court deems appropriate.

Plaintiff MORIA BERNSTEIN, individually, and on behalf of all others similarly situated,

By: _____

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Amelia S. Newton
*amy@attorneyzim.com*
Jordan M. Rudnick
*Jordan@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Firm I.D. No. 34418
www.attorneyzim.com

Counsel for the Plaintiff and Class

10

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that the attached *Plaintiff's Motion for Class Certification*, was served upon the following party as addressed, via hand delivery, on this 4th day of February, 2016:

Avvo, Inc.
c/o CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois  60604

Celi Calderon

# SUMMONS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ CHANCERY _____ DIVISION

No. 2016CH01631
CALENDAR/ROOM 04
TIME 00:00
Class Action

MORIA BERNSTEIN, individually, and on behalf of all others similarly situated,

**(Name all parties)**

v.

AVVO, INC.

**Please serve:**
CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

## ⊙ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ◯ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiff

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS, Dorothy Brown

DOROTHY BROWN/FEB 0 4 2016
_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)  (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DIE DATE
02/26/2016

DOC.TYPE: CHANCERY
CASE NUMBER: 16CH01631
DEFENDANT
AVVO INC
208 S LASALLE ST
CHICAGO, IL 60604
814

SERVICE INF
RM 802 CT (

ATTACHED