**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MORIA BERNSTEIN, individually and on behalf of those similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>AVVO, INC.,<br><br>   Defendant. | No. 2016 CV 2833<br><br>Hon. Robert W. Gettleman |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER UNDER
28 U.S.C. § 1404(a)</u>**

## TABLE OF CONTENT

**Page**

I. INTRODUCTION ................................................................................................... 1
II. FACTUAL BACKGROUND.................................................................................. 2
III. ARGUMENT........................................................................................................... 3
IV. CONCLUSION....................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*,
    134 S. Ct. 568 (2013) ................................................................................................ *passim*

*Carnival Cruise Lines, Inc. v. Shute*,
    499 U.S. 585 (1991) ............................................................................................................ 4

*Craik v. Boeing Co.*,
    37 F. Supp. 3d 954 (N.D. Ill. 2013) ..................................................................................... 7

*Davis v. Avvo, Inc.*,
    No. 8:10-cv-2352, 2011 WL 4063282 (M.D. Fla. Sept. 13, 2011) ....................................... 8

*GDG Acquisitions, LLC v. Gov't of Belize*,
    749 F.3d 1024 (11th Cir. 2014) ........................................................................................... 4

*Hugel v. Corp. of Lloyd's*,
    999 F.2d 206 (7th Cir. 1993) .............................................................................................. 4

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ................................................................................................................. 4

*Martinez v. Bloomberg LP*,
    740 F.3d 211 (2d Cir. 2014) ................................................................................................ 4

*Paper Express, Ltd. v. Pfankuch Maschinen GmbH*,
    972 F.2d 753 (7th Cir. 1992) ........................................................................................... 4, 5

*Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*,
    No. 14-CV-2440, 2014 WL 6613012 (N.D. Ill. Nov. 21, 2014) .......................................... 6

*Reserve Capital, LLC v. CLB Dynasty Trust 2002*,
    No. 05 C 6556, 2006 WL 1037321 (N.D. Ill. Apr. 17, 2006) ............................................. 7

*Spank! Music & Sound Design, Inc. v. J. Hanke*,
    No. 04 C 6760, 2005 WL 300390 (N.D. Ill. Feb. 7, 2005) ................................................. 6

*Sub-Micron Sys., Inc. v. Sub-Micron Surfacing, Inc.*,
    No. 93 C 3295, 1993 WL 524273 (N.D. Ill. Dec. 10, 1993) .............................................. 7

*Walter Latham Co. v. Amresco Residential Mortg. Corp.*,
    No. 98 C 4966, 1999 WL 160226 (N.D. Ill. Mar. 10, 1999) .............................................. 7

*Wozniak v. Wyndham Hotels & Resorts, LLC*,
 No. 08 CV 1361, 2009 WL 901134 (N.D. Ill. Mar. 31, 2009) ..................................................7

*XADO Tech, LLC v. US Envirotech, Inc.*,
 No. 13 C 6901, 2014 WL 3882667 (N.D. Ill. Aug. 5, 2014)................................................4, 6

**Federal Statutes**

28 U.S.C. § 1404(a) .......................................................................................................1, 3, 4, 7

**State Statutes**

765 ILCA 1075/30(a)............................................................................................................1, 3, 5

**Rules**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................2

## **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

Defendant Avvo, Inc. ("Avvo") respectfully submits this memorandum in support of its concurrently filed Motion to Transfer under 28 U.S.C. § 1404(a).

### I.   INTRODUCTION

Plaintiff Moria Bernstein alleges that Avvo, which operates a lawyer rating website that publishes profiles of more than 97 percent of licensed attorneys in the nation, violated the Illinois Right of Publicity Act and misappropriated her identity by publishing a profile on the Avvo website that displays her name and other biographical information.  But Ms. Bernstein brought her lawsuit in the wrong forum.  When Ms. Bernstein created an account on the Avvo.com website in 2014, she agreed to the Avvo Terms of Use.  Those Terms state that "***any action*** … ***arising out of*** or ***relating to*** the Site … ***shall*** be filed ***only*** in the state and federal courts located in King County, Washington."  This Court should enforce this clause and transfer this action to the United States District Court for the Western District of Washington.

*First*, the forum-selection clause is plainly mandatory and encompasses Ms. Bernstein's claims.  Her lawsuit—which has at its heart the alleged unlawfulness of profiles on Avvo.com—"arises out of" and is "relates to" the website.  The words "any" and "shall" manifest an agreement to make venue in Washington compulsory and exclusive.

*Second*, Ms. Bernstein cannot meet her burden to establish that a transfer to Washington is unwarranted.  As the Supreme Court has recently affirmed, "a valid forum-selection clause [should be] given controlling weight ***in all but the most exceptional cases***."  *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 579, 581 (2013) (emphasis added).  There is nothing exceptional about this case.  To the contrary, it makes good sense to litigate this

1

matter in Washington. The courts in Washington are less congested, and Washington has a greater interest because, as Ms. Bernstein also agreed, its law will govern this dispute.

For these reasons, Avvo respectfully asks the Court to transfer this case to the United States District Court for the Western District of Washington.[1]

## II. FACTUAL BACKGROUND

Avvo is a Washington corporation headquartered in Seattle. Declaration of Josh King ¶ 5.[2] Avvo operates Avvo.com, which publishes profiles for more than 97 percent of all licensed attorneys in the United States. *Id.* ¶ 3. These profiles provide background information about lawyers, including their names, license information, and whether licensing authorities have taken disciplinary action against them. *Id.* They also include attorney contact information, practice area, and other educational and professional information, if available. *Id. See also, e.g.*, *id.* Ex. B (profile page for plaintiff). Avvo allows attorneys to "claim" their profiles on Avvo.com, for free, to add or change information. *Id.* ¶ 3.

On April 10, 2014, Plaintiff Moria Bernstein claimed her profile. *Id.* ¶ 6. To do so, she would have been required to check a box stating "I confirm that I am Moria Bernstein and I accept Avvo's Terms of Use and Privacy Policy" and then the "Claim and Edit Profile" button. If she did not do this, she could not have claimed her Avvo profile. *Id.* ¶ 6 & Ex. A. To access the Terms of Use, she could have clicked on "Terms of Use" in the clause "I accept Avvo's Terms of Use and Privacy Policy." *Id.* ¶ 7. She also could have accessed the Terms of Use by clicking on the link at the bottom of every page on the Avvo website. *Id.*

Paragraph 21 of the Terms of Use in effect when Ms. Bernstein claimed her profile states:

---

[1] Avvo intends to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) once this Court rules on this motion and decides the forum where this case will be adjudicated.
[2] Avvo concurrently files this Declaration and attaches it as Exhibit 1 to this memorandum.

> You agree that *any action* at law or in equity arising out of or relating to the Site or these Site Terms *shall* be filed *only* in the state and federal courts located in King County, Washington and you hereby irrevocably and unconditionally consent and submit to the exclusive jurisdiction of such courts.

*Id.* Ex. C (emphasis added). Each version of the Terms of Use in effect since Ms. Bernstein claimed her profile also contains a clause designating the state and federal courts in King County, Washington, as the exclusive forum for lawsuits arising out of the site. King Decl. ¶ 8. Paragraph 21 also contains a choice of law clause, stating that "use of the Site shall be governed by and construed in accordance with the laws of the State of Washington … (even if your use is outside of the State of Washington), without resort to its conflict of law provisions." *Id.* Ex. C.

On February 4, 2016, Ms. Bernstein filed a class action complaint in the Circuit Court of Cook County, Illinois, alleging Avvo has used her name and likeness in her profile without her permission in violation of the Illinois Right of Publicity Act, 765 ILCA 1075/30(a) and the common law tort of misappropriation of identity. Compl. ¶ 26-43 (Dkt. 1-1). Avvo filed a notice of removal to this Court on March 4, 2016. Dkt. 1.

### III.   ARGUMENT

A motion to enforce a forum-selection clause and transfer a case to another federal district court is treated as a motion under 28 U.S.C. § 1404(a). *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 579, 581 (2013). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under settled law, because Avvo and Ms. Bernstein agreed to litigate disputes "arising out of or relating to [Avvo.com]" exclusively in the courts of King County, Washington, these factors strongly favor a transfer to the federal district court for the Western District of Washington.

3

Forum-selection clauses are "an indispensable element" in commerce, allowing parties to "agree[] in advance on a forum acceptable" to them. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13–14 (1972). This principle has "the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991). The Supreme Court recently reiterated this, holding that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" because this promotes "the interest of justice" under 28 U.S.C. §1404(a). *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. *See also, e.g.*, *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) ("[T]he Supreme Court in *Atlantic Marine* explained that an enforceable forum-selection clause carries near-determinative weight."); *Martinez v. Bloomberg LP*, 740 F.3d 211, 219 (2d Cir. 2014) ("The Supreme Court again emphasized the importance of forum selection clauses in *Atlantic Marine* …."); *XADO Tech, LLC v. US Envirotech, Inc.*, No. 13 C 6901, 2014 WL 3882667, at *3 (N.D. Ill. Aug. 5, 2014) (Gettleman, J.) ("Generally, these clauses are deemed 'prima facie valid,' and the case should be transferred to the forum specified in the clause unless enforcement is unreasonable under the circumstances.").[3]

To determine whether a forum selection clause is enforceable, the court must analyze whether the claims fall within the scope of the clause, *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993), and whether the clause is mandatory or permissive, *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)." *XADO Tech, LLC*, 2014 WL 3882667, at *3. If the clause is enforceable, the Court applies an adjusted analysis under Section

---

[3] Although *XADO Tech, LLC* involves a decision under the doctrine of forum non conveniens, "both § 1404(a) and the forum non conveniens doctrine from which it derives entail the same balancing-of-interests standard." *Atl. Marine Const. Co.*, 134 S. Ct. at 580.

4

1404(a).  "[T]he plaintiff's choice of forum merits *no weight*," and "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  *Atl. Marine Constr. Co.*, 134 S. Ct. at 581-82 (emphasis added).  "[A] court … should not consider arguments about the parties' private interests" because the parties have "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  *Id.* at 582.

Under this test, the Court should enforce the forum-selection clause.

*First*, Ms. Bernstein's claims fall within the scope of the forum-selection clause.  The clause encompasses "*any* action … *arising out of* or *relating to* the Site."  King Decl. Ex. C ¶ 21 (emphasis added).  This action indisputably "arises out of" and "relates to" the Avvo site.  Ms. Bernstein seeks to represent a class of individuals for whom "Avvo Inc., without consent, created a profile page *on its website* on which Avvo, Inc., without consent, placed advertising material …."  Compl. ¶ 19 (emphasis added).  She claims Avvo violated the Illinois Right of Publicity Act by posting on her online profile page her name, years of experience, current and former employers, educational information, and other professional characteristics and then selling advertising that appears on that page.  *Id.* ¶¶ 30-31.  Her common law claim for misappropriation of identity, too, rests on these facts.  *See id.* ¶ 40 ("As set forth above, Defendant's creation of profile pages *on the Avvo website* appropriated Plaintiff's and Class members' names and likenesses.") (emphasis added)).  This action arises out of and relates to Avvo.com.

*Second*, the forum-selection clause is mandatory, not permissive.  A forum-selection clause is mandatory where its "language is obligatory" and "clearly manifests an intent to make venue compulsory and exclusive."  *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992).  Here, Ms. Bernstein agreed that "*any* action … *arising out of* or

5

*relating to* the Site … *shall* be filed *only* in the state and federal courts located in King County, Washington." King Decl. Ex. C. This language is mandatory. *See, e.g.*, *XADO Tech, LLC*, 2014 WL 3882667, at *4 (language that "all" disputes "shall" be resolved in specific Mexican jurisdiction was mandatory); *Prof'l LED Lighting, Ltd. v. Aadyn Tech., LLC*, No. 14-CV-2440, 2014 WL 6613012, at *6 (N.D. Ill. Nov. 21, 2014) (language that courts in designated forum "shall have exclusive jurisdiction of any matter" regarding the agreement was mandatory).

*Third*, Ms. Bernstein cannot meet her burden to establish that transfer to the forum to which she agreed is unwarranted. This Court may not properly consider any arguments Ms. Bernstein may make about convenience to her of an Illinois forum. Rather, it may "consider arguments about public-interest factors only." *Atl. Marine Const. Co.*, 134 S. Ct. at 581-82. Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. None of these factors render this case so "unusual" that the Court should decline to enforce the forum-selection clause:

• Illinois may have some interest in resolution of this case because Ms. Bernstein lives here, but that interest is less than the interest of the State of Washington because Ms. Bernstein agreed to the application of Washington law to any disputes with Avvo, a Washington corporation. King Decl. Ex. C ¶ 21. *See, e.g.*, *Spank! Music & Sound Design, Inc. v. J. Hanke*, No. 04 C 6760, 2005 WL 300390, at *7 (N.D. Ill. Feb. 7, 2005) (California had greater interest than Illinois in resolving action brought by Chicago company seeking injunctive relief against

6

California competitor); *Sub-Micron Sys., Inc. v. Sub-Micron Surfacing, Inc.*, No. 93 C 3295, 1993 WL 524273, at *11 (N.D. Ill. Dec. 10, 1993) (New Jersey's interest trumped that of Illinois where contract selected and plaintiff alleged violation of New Jersey law, even though Illinois corporation was plaintiff).

- "The Western District of Washington is the less congested and faster court." *Craik v. Boeing Co.*, 37 F. Supp. 3d 954, 963 (N.D. Ill. 2013) (granting transfer to federal district court for the Western District of Washington under 28 U.S.C. § 1404(a)). "The Northern District of Illinois court is a far busier district, located in the third largest city in the country, compared to the district court in the lesser-populated Pacific Northwest." *Id.* In fact, the median time for resolution in the Northern District of Illinois (14.2 months) is more than twice as long as in the Western District of Washington (6.6 months). King Decl. ¶ 9. "Therefore, this factor weighs slightly in favor of transfer." 37 F. Supp. 3d at 963.

- Again, Ms. Bernstein agreed Washington law would govern her "use of the Site." King Decl. Ex. C. Thus, the interest in having the trial in a forum "at home" with the law favors ***enforcement*** of the forum-selection clause. *See, e.g.*, *Wozniak v. Wyndham Hotels & Resorts, LLC*, No. 08 CV 1361, 2009 WL 901134, at *7-8 (N.D. Ill. Mar. 31, 2009) (granting dismissal on grounds of forum non conveniens; "Because Mexican law governs this case, this factor weighs heavily in favor of dismissal."); *Reserve Capital, LLC v. CLB Dynasty Trust 2002*, No. 05 C 6556, 2006 WL 1037321, at *10 (N.D. Ill. Apr. 17, 2006) (public interest favored transfer where contracts contained New Jersey choice-of-law provision); *Walter Latham Co. v. Amresco Residential Mortg. Corp.*, No. 98 C 4966, 1999 WL 160226, at *4 (N.D. Ill. Mar. 10, 1999) (granting transfer to California, where courts would "undoubtedly be 'more conversant' with California law").

7

Notably, another federal court has enforced the same clause in a similar case brought against Avvo. In *Davis v. Avvo, Inc.*, No. 8:10-cv-2352, 2011 WL 4063282, *1 (M.D. Fla. Sept. 13, 2011), the plaintiff, a Florida lawyer, alleged Avvo had misappropriated his likeness in violation of a Florida statute and brought suit in the federal district court for the Middle District of Florida. Like Ms. Bernstein, the plaintiff had agreed to Avvo's Terms of Use when he claimed his profile. *Id.* Like the Terms of Use to which Ms. Bernstein agreed, the Terms of Use to which the *Davis* plaintiff agreed stated "any action at law or in equity arising out of or relating to the Site or these Site Terms shall be filed only in the state and federal courts located in King County, Washington and you hereby irrevocably and unconditionally consent and submit to the exclusive jurisdiction of such courts." *Id.* The *Davis* court granted Avvo's motion to transfer the dispute to the federal district court for the Western District of Washington, stating that "this case does not present the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper." *Id.* at *5-6.

So, too, here. Ms. Bernstein had an opportunity to decline the designated forum in the Terms of Use by choosing not to claim her profile. She chose, instead, to claim her profile and accept Avvo's Terms of Use. Accordingly, she must pursue any lawsuit in King County, Washington, the forum to which she agreed. Moreover, Avvo has a reasonable expectation and interest in litigating the case in Washington. Absent enforcement of the clause, Avvo risks being dragged into costly litigation anywhere its site is available—putting a significant strain on its business. A transfer of this matter to Washington is therefore proper.

## IV.  CONCLUSION

For these reasons, Avvo respectfully asks that this Court enter an order transferring this case to the United States District Court for the Western District of Washington.

DATED: April 8, 2016

        Respectfully submitted,

        AVVO, INC.

        By: /s/Ambika K. Doran
          One of its attorneys

David P. Sanders (ARDC #2452359)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350


Bruce E.H. Johnson
Ambika K. Doran
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

9

## CERTIFICATE OF SERVICE

    Ambika K. Doran, an attorney, certifies that she caused a copy of the foregoing Memorandum in Support of Motion to Transfer Under 28 U.S.C. § 1404(a) to be served upon all counsel of record by means of the Court's ECF filing system

    DATED April 8, 2016.

                                        /s/ *Ambika K. Doran*
                                        Ambika K. Doran